IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ROBBIE HATFIELD,**
**Claimant Below, Petitioner**

**v.) No. 24-ICA-408**  (JCN: 2019000655)

**WYOMING COUNTY COMMISSION,**
**Employer Below, Respondent**

**FILED**
**August 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Robbie Hatfield appeals the September 16, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Wyoming County Commission ("WCC") filed a response.[1] Mr. Hatfield did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied Mr. Hatfield's application for permanent total disability ("PTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure. For the reasons set forth below, the Board's decision is vacated, and this case is remanded for further proceedings consistent with this decision.

On July 5, 2018, Mr. Hatfield was hit by a vehicle while performing his job duties for WCC. Mr. Hatfield was life-flighted to CAMC and was noted to have multiple pelvic injuries, injuries to the left lower extremity, and pain in the pelvis, bilateral lower extremities, and ribs. Mr. Hatfield underwent a chest tube placement, excisional debridement and irrigation of an open left patellar fracture, an open reduction and internal fixation of left patella fracture, IM nailing of the left femur, insertion of a screw throughout the S1 body, insertion of a trans-sacral screw through the S2 body, and application of an external fixator in the pelvis.

Mr. Hatfield was discharged from the hospital on July 19, 2018. The Discharge Summary ordered physical therapy and occupational therapy, and the diagnoses were left rib fracture, right pubic fracture with diastasis status post pelvic external fixation, left femur fracture, SI joint widening, left open patellar fracture, right knee ligament injury, left leg

---

[1] Mr. Hatfield is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq., Reginald D. Henry, Attorney at Law, PLLC. WCC is represented by Charity K. Lawrence, Esq., Spilman Thomas & Battle, PLLC.

1

hematoma, multiple tooth fractures, scrotal edema, and an adjustment disorder. It was noted that his progression was slow due to his injuries and limitations. The Employees' and Physicians' Report of Occupational Injury dated July 5, 2018, cited occupational injuries to Mr. Hatfield's teeth, knees, ribs, pelvis, and femur. On July 16, 2018, the claim administrator issued an order holding the claim compensable for unspecified fracture of the left patella, unspecified closed intrascapular fracture of the left femur, a traumatic pneumothorax, an unspecified closed fracture of the sacrum, and multiple left rib fractures.

Jessica Chiang, D.O., an orthopedic surgeon who performed surgeries on Mr. Hatfield's leg and pelvic fractures, completed a Medical Source Statement of Ability to do Work-Related Activities dated March 21, 2019. Dr. Chiang reported that Mr. Hatfield required the use of a cane to walk; that he could not use his free hand to carry small objects without the cane; that he could perform reaching, handling, and feeling frequently with bilateral hands; that he had a foot drop; that his hearing and vision were not impaired; that he could perform multiple activities while using a cane with frequent breaks; and that his limitations would last for at least twelve consecutive months.

On January 9, 2020, after Mr. Hatfield completed a work conditioning/hardening program, he underwent a Functional Capacity Evaluation ("FCE"). Erik Bower, PT, determined that Mr. Hatfield was not ready to go back to work. PT Bower opined that Mr. Hatfield was unable to return to his prior job, which was at the medium exertional level, but that he may be a candidate for vocational retraining. PT Bower found that Mr. Hatfield did not demonstrate safe work habits due to his body mechanics. PT Bower reported that Mr. Hatfield gave full effort in his examination and that his reports of pain and disability were reliable.

Mr. Hatfield was seen by John Jasko, M.D., on January 28, 2020. Dr. Jasko had performed the reconstruction of Mr. Hatfield's ACL. Dr. Jasko opined that Mr. Hatfield had reached maximum medical improvement ("MMI"). Dr. Jasko noted that Mr. Hatfield had permanent restrictions of no climbing or working from heights due to being a fall risk, and that he could only occasionally lift and carry up to 10 pounds, and push and pull up to 20 pounds. Dr. Jasko opined that Mr. Hatfield would require a custom de-rotational and functional brace, updated yearly, and he would otherwise rely on the FCE report for other restrictions.

On February 4, 2020, Ahmed Faheem, M.D., Mr. Hatfield's treating psychiatrist, completed a Mental Impairment Questionnaire. Dr. Faheem indicated that Mr. Hatfield has problems with anxiety, depression, and PTSD related to the accident and his compensable injuries. Dr. Faheem opined that Mr. Hatfield's psychiatric condition exacerbated his experience of pain and other physical symptoms, and that his ability to understand information was moderately limited. Dr. Faheem reported the following abilities to be markedly limited: recalling information, applying information, interacting with others, concentrating, persisting/maintaining pace, adapting in the workplace, and managing

oneself in the workplace. Dr. Faheem opined that Mr. Hatfield would miss more than four work days a month due to his impairments, and that his impairments were expected to last at least twelve months. Dr. Faheem concluded that Mr. Hatfield has significant on-going psychiatric difficulties that include anxiety with panic, recurrent bad dreams, nightmares, recurrent episodes of depression, chronic pain, and other discomforts associated with his physical injuries.

On February 12, 2020, Mr. Hatfield was evaluated by Timothy Thislethwaite, M.D. Dr. Thistlethwaite found that Mr. Hatfield had not reached MMI for his PTSD and major depressive disorder and noted he should continue psychiatric treatment and psychotherapy. In a psychological evaluation report dated February 12, 2020, Rosemary Smith, Psy.D., found that Mr. Hatfield functions in the intellectually average range, reading at a tenth-grade level. Dr. Smith reported that Mr. Hatfield showed a marked amount of emotional distress, and his anxiety and depression were pronounced. Dr. Smith noted that Mr. Hatfield devalued his self-worth with low self-esteem and that his interpersonal relationships were characterized by withdrawal.

Mr. Hatfield submitted an application for PTD Benefits dated February 26, 2020. By notice dated February 27, 2020, the claim administrator found that Mr. Hatfield had met the initial threshold for further consideration for a PTD award since he had been granted at least 50% in PPD awards or 35% PPD in statutory awards.

Dr. Thistlethwaite submitted an addendum report dated February 27, 2020, stating that he agreed with Dr. Faheem that Mr. Hatfield had reached MMI, but he would need to continue treatment to maintain and prevent relapse/recurrence of symptoms, and he would require continued medical management at least every quarter, and monthly therapy for at least another twelve months. Further, Dr. Thistlethwaite expressed his opinion that Mr. Hatfield was incapable of returning to work without a retraining program as he would need to be assessed for relapse/recurrent symptoms by his providers, and that he would need to enter the workforce through a lower stress environment, such as a retraining program.

On April 17, 2020, Mr. Hatfield received a Fully Favorable Decision from the Social Security Administration, finding that he had been totally disabled, and unable to maintain any substantial gainful employment since July 5, 2018. The decision, in large part, was based on conditions that are compensable in Mr. Hatfield's claim.

Casey Vass, RN, MS, CRC, QRP, authored a PTD vocational report dated May 12, 2020. Mr. Vass noted Mr. Hatfield considers himself to be unable to perform any type of gainful activity, and he stated that if he did return to work, he would lose his social security disability benefits. Mr. Vass also noted that Mr. Hatfield's pre-injury job was available, and he opined that Mr. Hatfield could return to that job if he only performed supervisory tasks and did not assist with cleanup efforts. Mr. Vass opined that medical evaluations

3

indicated that Mr. Hatfield could perform sedentary to light exertional work, and that jobs are available in the regional economy.

On July 9, 2020, the Encova PTD Reviewing Board issued an Initial Recommendation, finding that Mr. Hatfield met the minimum requirement pursuant to West Virginia Code § 23-4-6(f) (2005) for consideration of PTD due to his 67% WPI related to the physical occupational injuries and 10% WPI related to his psychiatric injuries. However, the Board determined that Mr. Hatfield retained the ability to perform sedentary to light exertional jobs. Further, the Encova PTD Reviewing Board determined that Mr. Hatfield had residual employment potential and was not permanently totally disabled. Mr. Hatfield and his employer were provided an opportunity to respond to the recommendations.

In its final recommendation dated August 12, 2021, the Encova PTD Reviewing Board determined again that Mr. Hatfield had the ability to work in the current job market, and even with his prior employer. By order of the claim administrator dated the same day, Mr. Hatfield's PTD request was denied due to a determination that he could sustain substantial gainful employment. Mr. Hatfield protested this order.

On January 25, 2022, Michael Muscari, D.O., and Jackie Shorter, PA-C, issued a report regarding Mr. Hatfield's ability to perform work-related activities. The report found that Mr. Hatfield could lift/carry up to 10 pounds occasionally, sit for 15-20 minutes at a time, stand and walk up to 10 minutes an hour without interruption, and he could alternately sit, stand, and walk for up to two hours during an eight-hour workday. The report noted Mr. Hatfield's need for a cane due to unsteady gait, and chronic pain that radiated from his lumbar spine into both legs and feet, with moderate weakness. The report indicated that Mr. Hatfield's postural activities were limited due to his severely limited ROM and strength, and that he could not perform individual activities like shopping, walking a block at a reasonable pace on rough or uneven surfaces, or climbing a few steps at a reasonable pace with the use of a single handrail.

Mr. Vass testified via deposition on April 11, 2022. Mr. Vass stated that Mr. Hatfield was able to work at the light and sedentary levels based on Dr. Jasko's report and the work conditioning/hardening notes. Mr. Vass testified that he could not comment on Mr. Hatfield's vocational potential or ability to sustain an eight-hour workday, considering the chronicity and severity of his pain, and would leave that to the FCE evaluators and treating doctors. Mr. Vass further testified that if using Dr. Muscari's and PA-C Shorter's report, then Mr. Hatfield would not be able to sustain a full-time job based on his limitations and an employer's tolerance for time off task.

Erin Saniga drafted a PTD rehabilitation evaluation dated March 15, 2023. Ms. Saniga reported that Mr. Hatfield could sit for more than two hours, lift up to fifteen to twenty pounds, and ambulate with a cane. Ms. Saniga stated that, considering only sedentary work, there were jobs in Mr. Hatfield's geographic region that he could perform.

4

Ms. Saniga opined that training on computer/keyboarding skills could enhance Mr. Hatfield's employability, especially at sedentary positions, but that he would be employable with or without retraining.

By decision dated November 29, 2023, the Board affirmed the claim administrator's denial of PTD benefits. Based on the PTD Reviewing Board's review of the vocational evidence and the FCE, the Board found that Mr. Hatfield could perform substantial gainful sedentary work. On July 1, 2024, this Court vacated the Board's decision and remanded the claim to the Board for further consideration and analysis. On September 16, 2024, the Board again affirmed the claim administrator's order. The Board determined that the preponderance of the evidence establishes that Mr. Hatfield can engage in substantial gainful activity. Mr. Hatfield now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Mr. Hatfield argues that the Board failed to consider and give appropriate weight to the medical evidence of record that establishes that he is permanently totally disabled. Mr. Hatfield further argues that the reports of Ms. Saniga and Mr. Vass are flawed and clearly not objective. Mr. Hatfield also asserts that his treatment providers found that he was unable to work a full-time job. Mr. Hatfield notes that the Board indicated that the Social Security decision was not persuasive because the standard used in determining disability is less stringent, but he argues that he would be considered a "younger individual" under Social Security standards, and that standard is much higher than the standard quoted by the Board. Mr. Hatfield argues that the Social Security disability decision establishes that he

5

is unable to perform any type of employment available, at any exertional level, in the national economy on a full-time basis due to his impairments. Mr. Hatfield also argues that Dr. Faheem's report, which was supported by Dr. Thistlethwaite's report, found that he could not sustain substantial gainful employment. Finally, Mr. Hatfield argues that under the language of W. Va. Code § 23-4-6(n)(2), he is considered permanently totally disabled.

Here, the Board determined that, based on the reports of Ms. Saniga and Mr. Vass, Mr. Hatfield is capable of "substantial gainful employment." Further, the Board stated that it had "given adequate consideration" to the Social Security disability decision.

Upon review, we conclude that the reports of Mr. Vass and Ms. Saniga, relied on by the Board in its decision, are insufficient as neither report considered Mr. Hatfield's compensable psychiatric condition and the psychiatric medical records in which Dr. Faheem noted Mr. Hatfield's work limitations. We find that the Board should have remanded this case to the claim administrator for a new vocational report that considers all of the relevant medical evidence.

Accordingly, we vacate the Board's September 16, 2024, order, and remand this claim to the Board with instructions that it order WCC to obtain another vocational evaluation which considers Mr. Hatfield's physical and psychiatric limitations.

Vacated and Remanded.

**ISSUED:** August 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White